UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| J. NOAH, B.V., | No. 26-cv-_____ (    ) |
| Plaintiff, : | |
| -against- | |
| SHEYAA BIN ABRAHAM-JOSEPH, p/k/a "21 SAVAGE" : | **CIVIL COMPLAINT** |
| and | |
| SLAUGHTER GANG, LLC | **JURY TRIAL DEMANDED** |
| and | |
| KEISAUNDRA HENDERSON a/k/a KEI HENDERSON : | |
| and | |
| YUSAF AHMAD BABAR : | : |
| and | |
| GIRLS DO IT BETTER, LLC : | |
| and | |
| YB TALENT AGENCY, LLC : | |
| and | : |
| THIRD & HAYDEN MANAGEMENT, LLC : | |
| and | : |
| THIRD & HAYDEN, LLC, : | |
| Defendants. | |

_____

TO THE HONORABLE COURT:

   COMES NOW your Plaintiff, J. NOAH B.V., who through its counsel, Simon J. Rosen, Esq., of Law Office of Simon Rosen, PLLC, who respectfully Complains as follows:

1

THE PARTIES

1.Plaintiff J. NOAH, B.V., doing business as J-NOAH ENTERTAINMENT (hereinafter "J-NOAH" or "Plaintiff") is a private company based in the Netherlands, akin to an American limited liability company, doing business since 2014 as a booking, promotion and touring company throughout Europe, with its principal office located at Prins Bernhardplantsoen 204, 7551 HT Hengelo, The Netherlands; since its inception, in its ordinary course of business, J-NOAH enters into written agreements for the live performances of celebrity musical performers.

2. Defendant SHEYAA BIN ABRAHAM-JOSEPH is a private adult individual who is a rapper, songwriter, and musical performer professionally known in the music business as "21 SAVAGE" (hereinafter "21 SAVAGE"); defendant 21 SAVAGE upon information and belief is a citizen of the State of Georgia, doing business at 211 Eagles Landing Way McDonough GA 30253 and regularly conducts business within this District as a matter of course.

3. Defendant SLAUGHTER GANG, LLC ("SGL") is a Georgia limited liability company formed to oversee the business dealings on behalf of defendant 21 SAVAGE; defendant SGL's registered address is 205 Saint Andrews Court, McDonough, GA, 30253 and upon information and belief, defendant SGL regularly conducts business within this District.

4. Defendant KEISAUNDRA HENDERSON a/k/a KEI HENDERSON (hereinafter "HENDERSON") is a private adult individual who at all times material hereto acted in the capacity of being an authorized personal representative and agent of co-defendant 21 SAVAGE, and upon information and belief resides in, and regularly conducts business within this District, at 711 Woodridge Court, Atlanta GA 30339; Defendant HENDERSON is also the principal of co-

defendants GIRLS DO IT BETTER, LLC, THIRD & HAYDEN MANAGEMENT, LLC and THIRD & HAYDEN, LLC.

5. Defendant YUSAF AHMAD BABAR (hereinafter "BABAR") is a private adult individual who at all times material hereto acted in conjunction with co-defendant HENDERSON as authorized personal representative and agent of co-defendant 21 SAVAGE; defendant BABAR is a citizen of the State of Georgia, residing and/or doing business at 211 Eagles Landing Way McDonough GA 30253; defendant BABAR is also the principal of co-defendant YB TALENT AGENCY, LLC, and upon information and belief regularly conducts business within this District.

6. Defendant GIRLS DO IT BETTER, LLC (hereinafter referred to as "GIRLS") is a Georgia limited liability company engaged in the business of acting as personal authorized representative and agent for celebrities and performing artists, including but not limited to defendant 21 SAVAGE; defendant GIRLS' registered agent address is 270 Cobb Parkway South, Ste 140 #254, Marietta, GA, 30060, and defendant GIRLS upon information and belief regularly conducts business within this District.

7. Defendant YB TALENT AGENCY, LLC (hereinafter referred to as "YB AGENCY") is a Georgia limited liability company engaged in the business of connecting music promoters such as plaintiff J-NOAH with successful musical performers such as defendant 21 SAVAGE; providing for the live performances of entertainers such as defendant 21 SAVAGE; YB AGENCY's registered address is 211 Eagles Landing Way., McDonough, GA, 30253; uspon information and belief defendant YB AGENCY regularly conducts business within this District.

8. Defendants THIRD & HAYDEN MANAGEMENT, LLC ("T&HM-1") and THIRD & HAYDEN, LLC ("T&H-2") are Georgia limited liability companies, whose principal is co-defendant HENDERSON; said Defendants are authorized representatives and/or agents who are under the direction and supervision of co-defendant HENDERSON and GIRLS, doing business on behalf of HENDERSON and GIRLS, and in doing so act in the best interest of

performers such as co-defendant 21 SAVAGE and **in the best interests of HENDERSON and GIRLS**; T&HM-1 and T&H-2's registered offices are located at 319 Atlanta St. SE, #311, Marietta GA 30060 and 270 Cobb Pkwy. S., Ste. 140, #254, Marietta, GA 30060; upon information and belief, co-defendants T&HM-1 and T&H-2 regularly conduct business within this District.

9. At all times material hereto, the Defendants acted on their own behalves, individually and and/or through the acts of their respective agents, servants, employees, representatives and the like, acting within their course of employment and/or agency and scope of duties.

## COUNT I
## BREACH OF EXPRESS WRITTEN AGREEMENTS
## (AGAINST DEFENDANTS 21 SAVAGE, SGL, HENDERSON, GIRLS, YB TALENT AND BABAR ONLY)

10. Jurisdiction is based upon diversity of citizenship.

11. Venue is proper pursuant to the Federal Rules of Civil Procedure.

12. On or about April 8, 2019, plaintiff J-NOAH duly entered into a written "ARTIST BINDER AGREEMENT" with defendants GIRLS (by and through HENDERSON), 21 SAVAGE (by and through SGL), and YB AGENCY (by and through BABAR), on behalf of Defendant 21 Savage, which provided in relevant part as follows:

- 21 SAVAGE is required to perform a European "TOUR" of at least Ten (10) live performances for plaintiff J-NOAH (excluding London, England) between August and December 2019;

- The guaranteed minimum sum for each of 21 SAVAGE's TOUR performances is based upon whether the performance was for a music festival or not;

- Plaintiff J-NOAH is required to remit a "Binder" payment of $150,000 to 21 SAVAGE's authorized agent and representative, defendant GIRLS on behalf of HENDERSON, to bind

4

21 SAVAGE and his representatives to their obligations for the TOUR;

- Upon receipt of the $150,000, **defendants are required to place the funds in escrow or trust**, until further documents pertaining to the TOUR are executed by the parties;

- In the event the further TOUR documents are not executed by the parties, **defendants are required to refund the $150,000 within five (5) days from the request for refund**.

A copy of the fully executed Artist Binder Agreement is annexed hereto as Exhibit and incorporated by reference as though fully set forth herein and made a part hereof.

13. On March 8, 2019, defendants HENDERSON and GIRLS sent an invoice to plaintiff J-NOAH for the "Binder Payment" of $150,000. See Exhibit, annexed hereto and incorporated by reference as though fully set forth herein and made a part hereof.

14. On March 20, 2019, plaintiff J-NOAH had the requisite $150,000 binder payment wired to defendants 21 SAVAGE, by and through its authorized representatives and agents, HENDERSON and GIRLS. See Exhibit, annexed hereto and incorporated by reference as though fully set forth herein and made a part hereof.

15. Subsequent to receiving the $150,000 Binder Payment from plaintiff, defendants notified plaintiff that allegedly there was a problem in 21 SAVAGE obtaining a valid passport to fulfill defendants' TOUR performance obligation; as a result thereof, the parties agreed to temporarily delay the TOUR, and the contractual requirement for defendants to refund the $150,000 deposit was put on hold.

16. The parties continued to communicate between 2019 and 2023, maintaining the status quo, with J-NOAH patiently awaiting confirmation from defendants that 21 SAVAGE obtained his lawful passport enabling him to perform the on subject TOUR.

17. Between 2019 and 2023, defendants provided plaintiff one excuse after another in regard to why 21 SAVAGE was purportedly unable to obtain his passport, thereby stalling the TOUR, and

stalling defendants' return of the $150,000 binder deposit that was required to be held by defendants' in the escrow and trust account as specified in the subject agreement.

18. In mid-October of 2023, plaintiff learned for the first time that 21 SAVAGE had already obtained his lawful passport, and further, first learned that defendants already booked 21 SAVAGE on a different European tour with a different company other than J-NOAH, in materal breach of the parties' agreement.

19. Promptly thereafter, on October 20, 2023, plaintiff, through its European legal counsel, sent an "URGENT NOTICE" to defendants 21 SAVAGE, SGL, GIRLS, HENDERSON, YB TALENT, and BABAR, informing defendants of the material breach of the parties' Binder Agreement, and demanding a prompt refund within five (5) days of the $150,000 sum paid by plaintiff J-NOAH to defendants, in accordance with the terms of the ARTIST BINDER AGREEMENT. A copy of the October 20, 2023 correspondence is annexed hereto as Exhibit and incorporated by reference as though fully set forth herein and made a part hereof.

20. Defendants never returned the $150,000 as demanded, despite the fact that defendants failed to provide any TOUR dates for 21 SAVAGE to perform.

21. Despite repeated demand by plaintiff J-NOAH, defendants failed to return, and have continued to unlawfully retain, the $150,000 wired in March of 2019.

22. Defendants' failure to return the $150,000 constitutes a material breach of the parties' written agreement.

23. In addition to the damages of $150,000 sustained by plaintiff for defendants' failure to return said funds, plaintiff J-NOAH sustained additional consequential and/or incidental damages- defendants' refund of the $150,000 would have been utilized to book a different performer, and defendants' failure to do so thereby deprived plaintiff of earning gross profits through a different

artist's European tour; further, defendants' failure to return the funds was violative of their duty to mitigate damages.

24. Further, based upon the careful planning of the plaintiff, in conjunction with its discussion with defendants, plaintiff was entitled to reap a substantial gross profit as a result of the 21 Savage European tour, for a sum to be proven at trial in accordance with the proofs.

25. Accordingly, defendants 21 SAVAGE, SGL, HENDERSON, GIRLS, YB TALENT AND BABAR are liable to plaintiff J-NOAH for breach of express written agreement for the sums as aforepleaded.

WHEREFORE, on Count I, plaintiff J-NOAH demands judgment in its favor, and against defendants 21 SAVAGE, SGL, HENDERSON, GIRLS, YB TALENT and BABAR, jointly and severally, as follows:

A) Compensatory damages in the amount of $150,000 for the amount of the Binder Deposit which was paid but not refunded to plaintiff;

B) Consequential damages for a sum to be proven at trial for lost gross profits;

C) Incidental damages for a sum to be proven at trial;

D) Interest and costs; and,

E) Such other and further relief as this Court may deem proper.

## COUNT II
## BREACH OF IMPLIED IN LAW AGREEMENT-
## UNJUST ENRICHMENT
## (AGAINST ALL DEFENDANTS)

26. Paragraphs 1 through 25 are incorporated by reference as though fully set forth herein and made a part hereof.

27. Upon information and belief, all of the named defendants shared in the $150,000 windfall received from plaintiff for the Binder Deposit; the defendants directed plaintiff where to wire the $150,000 deposit, and plaintiff fully complied.

28. Plaintiff sustained a detriment of $150,000; defendants received the benefit of receipt of $150,000.

29. Defendants were unjustly enriched by receipt of the $150,000 which was supposed to have been refunded to plaintiff if the TOUR was not effectuated.

30.  By operation of law, an implied-in-law, quasi-contractual agreement existed, the salient terms of which provided for J-NOAH's to pay the binder deposit of $150,000, and in consideration thereof the funds would be held in escrow and in trust, up to and until a final agreement was struck for 21 SAVAGE's European TOUR to be handled by J-NOAH.

31. In addition to receipt of the $150,000, 21 SAVAGE embarked on a European tour through a different promoter, and upon information and belief 21 SAVAGE was able to obtain a higher compensation rate by using the price quoted by plaintiff as leverage to gain a higher.

32. Accordingly,  plaintiff is also entitled to receive the difference in the amount paid to 21 SAVAGE by the replacement promoter and the amount which would have been paid by plaintiff J NOAH.

33. There is no justification for defendants being unjustly enriched to the detriment of J-NOAH.

34. Defendants are liable to plaintiff J-NOAH for breach of implied-in-law, quasi-contract, for their unjust enrichment.

WHEREFORE, on Count II,  plaintiff J-NOAH demands judgment in its favor, and against all defendants, jointly and severally, as follows:

    A) Compensatory damages of $150,000;

    B) Incidental damages for a sum to be proven at trial;

    C) Consequential damages for a sum to be proven at trial for lost gross profits;

    D) Interest and costs; and

    E) Such other and further relief as this Court may deem proper.

## COUNT III

### BREACH OF IMPLIED IN FACT AGREEMENT-

**(AGAINST ALL DEFENDANTS)**

35. Paragraphs 1 through 34 are incorporated by reference as though fully set forth herein and made a part hereof.

36. An implied-in-fact agreement existed between J-NOAH and the defendants, forged by the conduct of the parties, manifesting an intent to enter into an agreement providing for defendant 21 SAVAGE to perform on plaintiff's European TOUR as agreed, for the prices agreed upon; failing which defendants were required to return the $150,000 Binder Deposit.

37. Defendants materially breached the agreement, wrongfully retained the $150,000, and failed to provide the services of 21 SAVAGE to perform on the tour.

38. As a result of the breach of implied-in-fact agreement, plaintiff sustained losses as aforepleaded of $150,000 in Binder Deposit, as well as additional damages for lost profits.

39. Defendants are liable to plaintiff J-NOAH for breach of implied-in-fact agreement.

WHEREFORE, on Count III, plaintiff J-NOAH demands judgment in its favor and against all defendants, jointly and severally, as follows:

A. Compensatory damages in the amount of $150,000 for the amount of the Binder Deposit which was paid but not refunded to plaintiff;

B. Incidental damages for a sum to be proven at trial;

C. Consequential damages for a sum to be proven at trial for lost gross profits;

D. Interest and costs; and

E. Such other and further relief as this Court may deem proper.

**COUNT IV**

**PROMISSORY ESTOPPEL**

**(AGAINST DEFENDANTS 21 SAVAGE, SGL, HENDERSON, GIRLS, YB TALENT AND BABAR)**

40. Paragraphs 1 through 39 are incorporated by reference as though fully set forth herein and made a part hereof.

41. From 2019 through 2023, defendants 21 SAVAGE, SGL, HENDERSON, GIRLS, YB TALENT and BABAR promised that once 21 SAVAGE's lawful passport was issued, that 21 SAVAGE would TOUR for plaintiff as agreed.

42. Plaintiff justifiably relief upon defendants' promise, and did not demand return of the $150,000 deposit, and did not seek to procure the services of a replacement performing artist to replace 21 SAVAGE.

43. Defendants' promise was clear and unambiguous.

44. As a direct and proximate result of J-NOAH's justifiable reliance, plaintiff incurred damages as aforementioned.

45. Said defendants are liable unto J-NOAH under the doctrine of promissory estoppel.

WHEREFORE, on Count IV, J-NOAH demands judgment in its favor and against defendants 21 SAVAGE, SGL, HENDERSON, GIRLS, YB TALENT AND BABAR jointly and severally, as follows:

A. The sum of $150,000 for the amount of the Binder Deposit which was paid but not refunded to plaintiff;

B) Incidental damages for a sum to be proven at trial;

C) Consequential damages for a sum to be proven at trial for lost gross profits;

D) Interest and costs; and

E) Such other and further relief as this Court may deem proper.

## COUNT V
## BREACH OF FIDUCIARY DUTY
## (AGAINST DEFENDANTS 21 SAVAGE, SGL, HENDERSON, GIRLS, YB TALENT AND BABAR)

46. Paragraphs 1 through 45 are incorporated by reference as though fully set forth herein and made a part hereof.

47. Defendants 21 SAVAGE, SGL, HENDERSON, GIRLS, YB TALENT and BABAR owed a

fiduciary duty to plaintiff J-NOAH to retain the Binder Deposit of $150,000 in an escrow and trust account.

48. Defendants 21 SAVAGE, SGL, HENDERSON, GIRLS, YB TALENT and BABAR owed a separate fiduciary duty to plaintiff J-NOAH to return the Binder Deposit of $150,000 to J-NOAH no later than October of 2023 when plaintiff learned 21 SAVAGE had no intent on performing on plaintiff's intended European TOUR.

49. As fiduciaries, defendants are liable for actual damages, and are liable for the $150,000 Binder Deposit.

50. In addition, plaintiff is entitled to punitive damages for defendants' outrageous conduct, which was intentional, willful, wanton, malicious, and with reckless disregard for plaintiff.

51. Defendants are liable to plaintiff for breach of their fiduciary duties as stated hereinabove.

WHEREFORE, on Count V, J-NOAH demands judgment in its favor and against defendants 21 SAVAGE, SGL, HENDERSON, GIRLS, YB TALENT AND BABAR jointly and severally, as follows:

A) The sum of $150,000 for the amount of the Binder Deposit which was paid but not refunded to plaintiff;

B) Incidental damages for a sum to be proven at trial;

C) Consequential damages for a sum to be proven at trial for lost gross profits;

D) An appropriate sum, to be determined at trial, for punitive/exemplary damages to be awarded to plaintiff for the outrageous, intentional, willful, malicious, wanton, and reckless disregard of plaintiff's rights;

E) Interest and costs; and

F) Such other and further relief as this Court may deem proper.

## COUNT VI

## ACCOUNT STATED

### (AGAINST ALL DEFENDANTS)

52. Paragraphs 1 through 51 are incorporated by reference as though fully set forth herein and

made a part hereof.

53. Subsequent to October 20, 2023, that being the first demand for full refund of the $150,000 binder deposit, and continuing through the current time period, Defendants' representatives have promised to repay the $150,000 binder deposit; each promise to repay has been breached.

54. By way of example, Defendants promised to make monthly payments of $10,000 on account, until Plaintiff was made whole; despite repeated promises no funds were remitted whatsoever.

55. Although Defendants' representatives have repeatedly promised to repay the Binder amount in full, there has been no refund paid, not even one cent.

56. Defendants are further liable to Plaintiff due to their breach of account stated.

WHEREFORE, on Count VI, J-NOAH demands judgment in its favor and against defendants 21 SAVAGE, SGL, HENDERSON, GIRLS, YB TALENT AND BABAR jointly and severally, as follows:

A) The sum of $150,000 for the amount of the Binder Deposit which was paid but not refunded to plaintiff;

B) Incidental damages for a sum to be proven at trial;

C) Consequential damages for a sum to be proven at trial for lost gross profits;

D) An appropriate sum, to be determined at trial, for punitive/exemplary damages to be awarded to plaintiff for the outrageous, intentional, willful, malicious, wanton, and reckless disregard of plaintiff's rights;

E) Interest and costs; and

F) Such other and further relief as this Court may deem proper.

## COUNT VII

### FRAUD/DECEIT/CIVIL MISREPRESENTATION

### (AGAINST ALL DEFENDANTS)

57. Paragraphs 1 through 56 are incorporated by reference as though fully set forth herein and made a part hereof.

58. Defendants were aware that plaintiff wired $150,000 to GIRLS' bank account, for 21 SAVAGE's tour.

59. Defendants were all aware that the funds were to be kept in escrow and in a trust account not to be touched until the TOUR documents were provided and duly executed by all parties.

60. Upon information and belief, the $150,000 was never put into an escrow or trust account.

61. Upon information and belief, whether the funds were originally place in escrow or not, the $150,000 were misappropriated by the defendants, for the sole benefit of defendants- the booty of their misdeeds.

62. Upon information and belief, defendants 21 SAVAGE, SGL, HENDERSON, GIRLS, YB AGENCY, and BABAR all made material fraudulent misrepresentations to plaintiff regarding:

- the purpose of the $150,000 binder deposit;
- the whereadbouts of the $150,000 binder deposit;
- the status of 21 SAVAGE's passport;
- the reason for 21 SAVAGE's purported inability to tour;
- defendants' intent to fulfill their obligations under the agreement.

63. As a direct and proximate result of defendants' multiple false material misrepresentations, plaintiff remitted the $150,000.

64. Defendants are liable to plaintiff for fraud, deceit, and misrepresentations.

WHEREFORE, on Count VII, plaintiff J-NOAH demands judgment in its favor and ;

A) For the sum of $150,000 for the amount of the Binder Deposit which was paid but not refunded to plaintiff;

B) Incidental damages for a sum to be proven at trial;

C) Consequential damages for a sum to be proven at trial for lost gross profits;

D) An appropriate sum, to be determined at trial, for punitive/exemplary damages to be awarded to plaintiff for the outrageous, intentional, willful, malicious, wanton, and reckless disregard of plaintiff's rights;

E) Interest and costs; and

F) Such other and further relief as this Court may deem proper.

Dated: As of this 23rd day of February, 2026

Respectfully submitted,

**LAW OFFICE OF SIMON ROSEN, PLLC**

**By: /Simon J. Rosen, Esq./  (#6279)**
Counsel for J. NOAH, B.V.
Plaintiff

PA ATTY ID NO. 38603
128 Greenwood Avenue, 2nd Floor
Wyncote PA 19095
Tel. w (215)564-0212
       c (215)519-9514
Email: simononkey@aol.com

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF PENNSYLVANIA**

J. NOAH, B.V.,
        Plaintiff,        No. 26-_____ (   )

  -against-

SHEYAA BIN ABRAHAM-JOSEPH,
p/k/a "21 SAVAGE"  et al.,

        Defendants.

**CERTIFICATION**

I, Simon J. Rosen, Esq., attorney for Plaintiff J. NOAH, B.V., hereby Certify that to the best of my knowledge, information and belief, the amount in controversy in regard to the Complaint is in excess of $150,000, exclusive of interest and costs.

Dated:  February 23, 2026        Respectfully submitted,

        **LAW OFFICE OF SIMON ROSEN, PLLC**

        **By: /Simon J. Rosen, Esq./**
        Counsel for J. NOAH, B.V.
        Plaintiff

  PA ATTY ID NO. 38603
  128 Greenwood Avenue, 2nd Floor
  Wyncote PA 19095
  Tel. w (215)564-0212
     c (215)519-9514
  Email: simononkey@aol.com